UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIANNA T. COLLINS,

                              Plaintiff,

                                                                          Case # 15-CV-423-FPG

v.

                                                                          DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

      Brianna T. Collins ("Collins" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 7, 12. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On March 9, 2012, Collins applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 126-34, 135-41. She alleged that she had been disabled since February 1, 2010 due to bowel obstruction, depression, anxiety, and abdominal nerve damage.

---

[1]     References to "Tr." are to the administrative record in this matter.

157.  After her applications were denied at the initial administrative level, a hearing was held before Administrative Law Judge Grenville W. Harrop, Jr. ("the ALJ") on October 1, 2013 in which the ALJ considered Collins's application *de novo*. Tr. 40-65.  Collins appeared at the hearing and testified.  *Id.*  Josiah L. Pearson, a Vocational Expert ("the VE"), also appeared and testified.  Tr. 61-64.  On December 6, 2013, the ALJ issued a decision finding that Collins was not disabled within the meaning of the Act.  Tr. 18-33.  That decision became the Commissioner's final decision when the Appeals Council denied Collins's request for review on March 10, 2015.  Tr. 1-6.  Thereafter, Collins commenced this action seeking review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).  It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.      Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Collins's claim for benefits under the process described above. At step one, the ALJ found that Collins had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ found that Collins has the following severe impairments: abdominal pain status post gunshot wound, lumbago, depressive disorder, and post-traumatic stress disorder ("PTSD"). Tr. 21-22. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 22-24.

Next, the ALJ determined that Collins retained the RFC to perform light work[2] and that she has minimal to no limitations in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks with supervision, making appropriate decisions, and relating adequately with others. Tr. 24-32. At step four, the ALJ relied on the VE's testimony and found that this RFC allows Collins to perform her past relevant work as a

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

telemarketer and fast food worker. Tr. 32. Accordingly, the ALJ concluded that Collins was not "disabled" under the Act. Tr. 32-33.

**II.     Analysis**

Collins argues that remand is required because the ALJ erred when he failed to make a specific finding about how stress affects her ability to work.[3]  ECF No. 7-1, at 12-14. Specifically, Collins asserts that the ALJ erred when he gave "great weight" to the opinion of consultative psychiatric examiner Renee Baskin, Ph.D. ("Dr. Baskin"), but ignored Dr. Baskin's opinion that Collins has "moderate limitations being able to deal with stress." ECF No. 7-1, at 12; Tr. 611. The Commissioner maintains that the ALJ properly considered Collins's limitations in dealing with stress and adequately accounted for her mental limitations in the RFC assessment. ECF 12-1, at 23-26.

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (citing S.S.R. 85-15, 1985 WL 56857 (S.S.A. Jan 1, 1985) and *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")). An ALJ is required to specifically inquire into and analyze a claimant's ability to manage stress. *Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014).

---

[3]   Collins advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 7-1, at 12, 14-18. However, because this Court disposes of this matter based on the ALJ's failure to analyze Collins's ability to handle stress, those arguments need not be reached.

5

Here, the ALJ found that Collins's severe impairments included depression and PTSD, and Collins testified that she experiences anxiety and nervousness. Tr. 21-22, 24-25. Dr. Baskin opined that Collins's mental impairments make her "moderately limited" in her ability to deal with stress and that the results of her evaluation appeared consistent with psychiatric problems that "may interfere to some degree with [Collins]'s ability to function on a daily basis." Tr. 611.

The ALJ gave "great weight" to Dr. Baskin's opinion, but ignored her opinion that Collins had difficulties dealing with stress. Tr. 31. Instead, the ALJ adopted the less restrictive portion of Dr. Baskin's opinion that Collins had "minimal to no limitations in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks with supervision, making appropriate decisions, and relating adequately with others." Tr. 24, 611. An ALJ may not "cherry pick" from a medical opinion, *i.e.*, he or she may not credit evidence that supports administrative findings while ignoring conflicting evidence from the same source. *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("'Cherry picking' can indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both.").

Although Social Security Ruling ("SSR") 85-15 emphasizes the need to carefully evaluate a claimant's ability to deal with stress in the workplace, *see* S.S.R. 85-15, 1985 WL 56857, at *5-6 (S.S.A. Jan 1, 1985), the ALJ failed to make specific findings concerning the nature of Collins's stress, the circumstances that trigger it, and how those factors affect her ability to work. It is important to note that limiting Collins to unskilled work did not satisfy the ALJ's obligation to specifically analyze her ability to deal with stress. SSR 85-10 states that "[a] claimant's condition [due to stress and mental illness] may make performance of an unskilled job

as difficult as an objectively more demanding job." *Id.* at *6. The Ruling also emphasizes that "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job." *Id.*; *see also Hendrickson v. Astrue*, No. 5:11-927, 2012 WL 7784156, at *8 (N.D.N.Y. Dec. 11, 2012) (discussing S.S.R. 85-10 and finding that the ALJ erred when he failed to make particularized findings about the claimant's ability to handle stress).

Given the evidence described above and the considerations articulated in SSR 85-10, this Court finds that the ALJ's failure to address Collins's ability to handle stress is an error that requires remand. *See Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) (finding that the ALJ erred when he failed to explain the "low-stress" limitations included in the RFC assessment); *Sheffield v. Astrue*, No. 11-CV-1176, 2012 WL 5966610, at *2 (N.D.N.Y. Nov. 28, 2012) (remanded because the ALJ failed to adequately evaluate the plaintiff's ability to handle stress in making the RFC determination); *Smith v. Astrue*, No. 09-CV-470 (TJM/VEB), 2011 WL 6739509, at *7 (N.D.N.Y. Nov. 4, 2011) (remanded because the ALJ failed to make specific findings about the nature of the claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work); *Lomax v. Comm'r of Soc. Sec.*, No. 09-CV-1451, 2011 WL 2359360, at *3 (E.D.N.Y. June 6, 2011) ("The ALJ failed to address whether plaintiff is mentally capable of dealing with the stress and demands of the workplace. Thus, the ALJ did not fulfill his legal obligation to adequately explain his reasoning in making the findings on which his ultimate decision rests and, in doing so, to address all the pertinent evidence.").

**CONCLUSION**

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 30, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court